UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
COURT FILE NO.: 08-cv – _____

| | |
|---|---|
| Michael L. Ita,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Northland Group, Inc.,<br><br>　　　　　Defendant. | **COMPLAINT**<br>**WITH JURY TRIAL DEMANDED** |

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331, 15 U.S.C. § 1692k(d) and pendent jurisdiction over the common law claim pursuant to 28 U.S.C. § 1367.

2. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

## PARTIES

3. Plaintiff Michael L. Ita is a natural person who resides in the City of Parma, State of Ohio, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

4. Defendant Northland Group, Inc. (hereinafter "Northland") is a corporation and a collection agency operating in 7831 Glenroy Rd. #350, Edina, MN 55439. It is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

-1-

## FACTUAL ALLEGATIONS

5. Sometime prior to August 31, 2007, Plaintiff incurred a debt, allegedly owed to Visa Key Bank a predecessor to Citi Bank (South Dakota) N.A., as that term is defined by 15 U.S.C. § 1692a(5).

6. Citi Bank transferred or assigned the alleged delinquent account to Defendant Northland sometime prior to September 2007.

7. Plaintiff's mother owns and operates a tavern in Parma, Ohio.

8. Plaintiff's mother Victoria I. Casper was called (440-845-xxxx) at work in the "Swing Inn" on the 19th day of September, 2007, and harassed in a loud and abusive tone of voice about the location of Plaintiff by James Runkle an agent of the Defendant and told by his mother NOT to call her work about this matter ever again.

9. Defendant's agent Runkle called Plaintiff's mother again on the 19th of September, 2007, which resulted in a return phone call to Runkle wherein he was abusive, threatening and spoke in a loud and angry voice to Plaintiff's mother, in violation of 15 U.S.C. §§ 1692b(3) and 1692d(2).  Mr. Runkle was told a second time not to call Plaintiff's mother at work.

10. Defendant's agent Runkle on September 19, 2007, called (216-464-8***) a place where Plaintiff consults and the phone call was transferred and connected to Plaintiff who told Defendant's agent Runkle not to call this number ever again.

11. In spite of being warned not to call, Defendant's agent Runkle immediately returned the call to First Catholic Slovak Ladies Association (FCSLA) (216-464-

8***) and berated the receptionist with loud, angry and threatening voice for "playing games" with him and to "cut this out" and "this is getting out of hand" and the receptionist, Michelle, should "not be covering" for Plaintiff, all in violation of 15 U.S.C. §§ 1692b(3) and 1692d. Defendant's agent Runkle was told by Michelle Studniarz that Plaintiff was not employed there and not to call FCSLA again.

12. Then on or about September 20, 2007, Defendant's agent Runkle called FCSLA, in violation of 15 U.S.C. §§ 1692b(3) and 1692d, and was again told Plaintiff was not employed there.

13. On the 21st of September, 2007, Defendant's agent Runkle called FCSLA a fourth time and spoke to Plaintiff's business associate, Andy Mason. Defendant's agent Runkle was rude and abusive in his demeanor and voice and told Mr. Mason that FCSLA employees were lying to him about Plaintiff not being an employee, in violation of 15 U.S.C. §§ 1692b(3) and 1692d.

14. Plaintiff alleges Defendant's agent telephoned seeking Plaintiff at FCSLA where it was repeatedly made clear that Plaintiff was not employed, in violation of 15 U.S.C. §§ 1692b(3) and 1692d(2).

15. Andy Mason called Defendant's agent Runkle three times to explain the non-work relationship between FCSLA and Plaintiff and was treated rudely in each phone call and was hollered at on September 21, 2007, by Defendant's agent Runkle "TO GET OFF MY PHONE!!"

16. Defendant's agent Runkle called a neighbor of Plaintiff on September 24, 2007, and instructed the neighbor to "write a note" and walk it down to Plaintiff's mailbox and put it in there for Plaintiff to read.

17. Defendant's agent Runkle called Plaintiff's former girlfriend's father, Bob Moczulski, at 414-221-**** and was loud, abusive and rude in his voice and demeanor in seeking Plaintiff's location.

18. Likewise on the 25th of September of 2007, Defendant's agent Runkle called Plaintiff's ex-girlfriend's mother, Susan Moczulski, at 216-741-xxxx and left a voice mail message in an angry voice regarding Plaintiff.

19. On September 26, 2007, Defendant's agent Runkle called Mike Kocit a former roommate of Plaintiff six times in one afternoon in a harassing and intimidating manner, in violation of 15 U.S.C. § 1692d.

20. Then again on September 28, 2007, Defendant's agent Runkle again called Mike Kocit and left yet another message for Mike to call Mr. Runkle, in violation of 15 U.S.C. §§ 1692b and 1692d.

21. Defendant's conduct has caused Plaintiff actual damages in the form of emotional distress, embarrassment and humiliation.

**TRIAL BY JURY**

22. Plaintiff is entitled to and hereby demands a trial by jury. US Const. amend. 7. Fed. R. Civ. Pro. 38.

**CAUSES OF ACTION**

**COUNT I.**

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT – 15 U.S.C. § 1692 et seq.

23. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

24. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the several provisions of the FDCPA, 15 U.S.C. § 1692 et seq. cited above.

25. As a result of Defendant's violations of the FDCPA, Plaintiff has suffered actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

## COUNT II.

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

26. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

27. Defendant intentionally interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiff.

28. Defendant intentionally caused harm to Plaintiff's emotional well being by engaging in highly offensive conduct in the course of collecting a debt.

29. Plaintiff had a reasonable expectation of privacy in her solitude, seclusion, and or private concerns or affairs.

30. The intrusion by Defendant's occurred in a way that would be highly offensive to a reasonable person in that position.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs pray that judgment be entered against Defendants for:

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant;
- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant;
- actual damages from Defendant for the emotional distress suffered as a result of the FDCPA violations and invasion of privacy in an amount to be determined at trial; and
- for such other and further relief as may be just and proper.

Dated this 13th day of February 2008.		Respectfully submitted,

By: _s/Thomas J. Lyons, Jr._____

**CONSUMER JUSTICE CENTER, P.A.**
Thomas J. Lyons, Jr., Esq.
Attorney I.D. #0249646
367 Commerce Court
Vadnais Heights, MN 55127
Telephone:  (651) 770-9707
Facsimile:  (651) 704-0907
tommycjc@aol.com

**LYONS LAW FIRM P.A.**
Thomas J. Lyons, Esq.
Attorney I.D. #:  65699
367 Commerce Court
Vadnais Heights, MN  55127
Telephone:  (651) 770-9707
Facsimile:  (651) 770-5830
tlyons@lyonslawfirm.com

ATTORNEYS FOR PLAINTIFF

## **VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF**

STATE OF OHIO              )
                           ) ss
COUNTY OF CUYAHOGA         )

Michael L. Ita, having first been duly sworn and upon oath, deposes and says as follows:

1. I am the Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorney and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant, cause unnecessary delay to any Defendant, or create a needless increase in the cost of litigation to any Defendant, named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

s/Michael L. Ita
Michael L. Ita

Subscribed and sworn to before me
this 17th day of January, 2008.

s/Heather Mehlmann
Notary Public